Robinson *vs.* State.

(Decided 16th March, 1888.)

Peter Robinson *vs.* State of Maryland.

*Bastardy—Sufficiency of Indictment—Article* 13 *of the Code.*

An indictment under Article 13, of the Code of Public General Laws, against the putative father of an illegitimate child, need not allege the residence of the mother, but it must show in what county the child was at the time of the indictment found.

Appeal as upon Writ of Error, from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Edward Stake,* for the appellant.

*Wm. Pinkney Whyte, Attorney-General,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The indictment in this case was for fornication and begetting an illegitimate child, found under Art. 13 of the Code. The information was made to a justice of the peace in Frederick County, and he transmitted the proceedings to a justice of the peace in Washington County, who issued the warrant against the putative father, and, upon the latter denying the paternity of the child, his recognizance was taken to appear at the next Circuit Court to answer, &c. The indictment charges that the child was begotten in Washington County, but was born in Frederick County, where it was at the time of the indictment found. But it is not alleged where the mother resides,—whether in Frederick or Washington County. There was a demurrer to the indictment, and the ground of the demurrer was the failure to allege the residence of the mother. This objection to the indictment we do not think can be maintained. The indictment is explicit in alleging that the child was, at the time of the indictment found, and, as we must presume, still remains, in Frederick County. Whether the mother maintains it, or it be maintained by some third person, in either case, the father is equally bound to furnish the means of maintaining the child, as provided by the statute; and the county, wherein the child was born and resides, is entitled to be indemnified against the expense of its support. Suppose the

mother had died, or had removed from the county, or from the State, leaving the child with some third person who had maintained it; in such case, there could be no possible reason for exonerating the father from his liability, created by the statute, for the maintenance of the child, in the mode provided. Upon the recognizance taken from the father, any person maintaining the child, whether he resides in or out of the county, where the child was born, or even out of the State, has a right to proceed by *scire facias*, in the name of the State, to collect the amount due from the father and his sureties, for the maintenance of the child, according to the terms of the recognizance. This has been expressly decided by the former Court of Appeals, in the case of *Mong and Stover vs. The State*, 10 *Gill & J.*, 380. Therefore, the residence of the mother, *after* the birth of the child, is not an essential allegation in the indictment, though the indictment must show in what county the child is at the time of the indictment found, in order that, if the traverser be found guilty, he may be required to enter into recognizance for the indemnity of the proper county. We do not understand the opinion in the case of *Root vs. The State*, 10 *Gill & J.*, 374, to hold otherwise, though the general, unqualified language employed, may be susceptible of a different interpretation. But we must construe the language there employed with reference to the special facts disclosed in that case. The judgment in this case was, that the putative father enter into recognizance to indemnify Frederick County; and we discover no error in that judgment.

*Judgment affirmed.*

(Decided 16th March, 1888.)